**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

CellTrust Corporation, a Delaware Corporation,

Plaintiff,

vs.

ionLake, LLC, a Minnesota limited liability company; Derrick Girard, and individual; and Wade Girard, an individual,

Defendants.

File No. 19-cv-2855 (WMW-TNL)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO AMEND PROTECTIVE ORDER**

Defendants ionLake, LLC, Derrick Girard, and Wade Girard ("Defendants") respectfully move the Court to include revision of paragraph 1(l) in the otherwise agreed proposed Amended Protective Order to make clear that discovery in this litigation may also be used in the companion case of CellTrust Corporation v. ionLake, LLC and Derrick Girard, No. 21-cv-1354 (WMW/TNL). The parties have agreed to modify the Protective Order (Dkt. 46) at this time to delete paragraphs 3(c)(1), 3(c)(2) and 3(c)(3) to narrow the persons who may have access to "attorneys eyes only" information.

Paragraph 3(a) presently restricts use of any confidential information produced in discovery in this matter to only this litigation and "no other purpose":

> A receiving party or individual may use confidential information produced by the source party or a non-party only for prosecuting, defending, or attempting to settle **this litigation and for no other purpose**.

Protective Order ¶ 3(a) (emphasis added). The effect of this provision is to forbid use of confidential information produced in this litigation in the companion litigation between the parties, Case No. 21-cv-1354 (WMW/TNL). Without the requested modification, the parties will be forced to duplicate document production and other discovery encompassing confidential information in this litigation to avoid violation of the express terms of the existing protective order.

This result would fly in the face of Fed. R. Civ. P. 1's requirement that the Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding.

A minor amendment to the paragraph 1(l) definition of "litigation" will solve this issue:

> "litigation" and "this litigation" refers to *CellTrust Corporation v. ionLake, LLC*, *Derrick Girard, and Wade Girard*, No. 19-cv- 2855 (WMW/TNL) (D. Minn.) and *CellTrust Corporation v. ionLake, LLC and Derrick Girard*, No. 21-cv-1354 (WMW/TNL) (D. Minn.).

Plaintiff CellTrust has not raised any substantive objection to this necessary amendment, but instead simply has indicated the issue would be better dealt with in the other case, Case No. 21-cv-1354 (WMW/TNL).

The issue, however, is an issue of the Protective Order in this case that will not change or benefit from delay. The parties have agreed to modify the Protective Order

at this time to delete paragraphs 3(c)(1), 3(c)(2) and 3(c)(3) to narrow the persons who may have access to "attorneys eyes only" information. There is no reason not to do what is needed all at once. Fed. R. Civ. P. 1.

Defendants therefore respectfully request the Court include the revision to paragraph 1(l) in the Amended Protective Order along with the other changes the parties have agreed to.

Dated: July 29, 2021

**CHRISTENSEN, FONDER, DARDI & HERBERT, PLLC**

Douglas J. Christensen (MN #166741)
11322 86th Ave N
Maple Grove, MN 55369
Tel. (612) 315-4102
Email: christensen@cfd-ip.com

**NILES LAW OFFICE, PA**

By s/Donald W. Niles
Donald W. Niles (160684)
121 Colfax Ave. SW
Wadena, MN 56482
Tel. 612-296-7788
Email: dniles@nilolaw.com

**LAW OFFICE OF CASEY A. KNISER LLC**

Casey A. Kniser (MN2623779)
111 N. Wabash Ave., #1257
Chicago, IL 60602
Tel. 312-771-3194
Email: casey@kniserlaw.com

**ATTORNEYS FOR DEFENDANTS**