**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CellTrust Corporation,

Plaintiff,

v.

ionLake, LLC, Derrick Girard, and Wade Girard,

Defendants.

Case No. 19-cv-2855 (WMW/TNL)

**AMENDED PROTECTIVE ORDER**
(Proposed)

---

This matter comes before the Court on Defendants' Motion to Amend Protective Order, ECF No. 84. Pursuant to Fed. R. Civ. P. 26(c), the motion it GRANTED and **IT IS HEREBY ORDERED** that confidential information be disclosed only in designated ways:

**1. Definitions.** As used in this protective order:

(a) "attorney" means an attorney who has appeared in this litigation;

(b) "confidential document" means a document designated as confidential under this protective order;

(c) "confidential information" and "proprietary information" each refer to any information obtained from a confidential document or disclosed during a confidential deposition;

(d) the terms "confidential document" and "confidential information" are used interchangeably for the purposes of this protective order;

(e) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(f) "document" means information disclosed or produced in discovery, including at a deposition;

(g) "house counsel" means an attorney who is an employee of a party to this action;

(h) "notice" or "notify" means written notice;

(i) "party" means a party to this litigation;

(j) "source party" means the party which produces documents or information;

(k) "protected document" means a document protected by a privilege or the work-product doctrine; and

(l) "litigation" and "this litigation" refers to *CellTrust Corporation v. ionLake, LLC*, *Derrick Girard, and Wade Girard*, No. 19-cv-2855 (WMW/TNL) (D. Minn.) and *CellTrust Corporation v. ionLake, LLC and Derrick Girard*, No. 21-cv-1354 (WMW/TNL) (D. Minn.).

**2. Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it

contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3. Who May Receive a Confidential Document.**

(a) A receiving party or individual may use confidential information produced by the source party or a non-party only for prosecuting, defending, or attempting to settle this litigation and for no other purpose.

(b) No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or staff;

(3) a person shown on the face of the confidential document to

have authored or received it;

(4) a court reporter or videographer retained in connection with this litigation;

(5) a party (subject to paragraph 3(c));

(6) a witness in a deposition or at trial in this litigation, during the course of examination, where such witness:

(A) is a Rule 30(b)(6) witness for the source party in this litigation; **or**

(B) is a current or former employee, director, officer, consultant, investigator, or advisor of the source party, and it could be reasonably concluded that the current or former employee, director, officer, consultant, investigator, or advisor of the source party had prior lawful knowledge of or access to the confidential information.

(7) any person who:

(A) is retained to assist a party or attorney with this litigation; and

(B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

I have read, and agree to be bound by, the protective order in the case captioned *CellTrust*

*Corporation v. ionLake, LLC*, Derrick Girard, and Wade Girard, No. 19-cv-2855 (WMW/TNL), pending in the United States District Court for the District of Minnesota. As soon as my work in connection with that litigation has ended, but not later than 30 days after the termination of that litigation (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes orother document that contains information from a confidential document.

I declare under penalty of perjury that the foregoing is true and correct.

(c) A party may supplement the “confidential” mark (see paragraph 2(b)) with the words “attorney’s eyes only,” in which case disclosure of such confidential document so designated shall be limited to the persons listed in paragraphs 3(b)(1) through (4), (6), and (7).

(d) A party may supplement the “confidential-attorney’s eyes only” mark with "CONFIDENTIAL-PATENT PROSECUTION BAR" which may be applied by a party to technical information (i) of the type thatcan be included in a patent application and form the basis or part of the basis for a claim or claims thereof, (ii) which the disclosing party believes in good faith to constitute confidential or trade secret information, and (iii) the disclosure of which to a person engaged in or otherwise assisting in patent prosecution in the technical areas to which the information relates would create a substantial risk of injuryto the disclosing party. Absent written consent from the source party, any individual who receives access

to "CONFIDENTIAL- PATENT PROSECUTION BAR" information pursuant to this paragraph 3(d) shall not be involved in the prosecution of patents or patent applications relating to the patents asserted in this action andany patent or application claiming priority to or otherwise related to the patents asserted in this action, before the United States Patent and Trademark Office (“the Patent Office”). For purposes of this paragraph, “prosecution” includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims. To avoid any doubt, “prosecution” as used in this paragraph does not include (i) representing a party challenging a patent before a domestic agency (including, but not limited to, a reissue protest, *exparte* reexamination), or (ii) participation in *inter partes* review proceedings (except that an attorney subject to the prosecution bar shall not draft or revise any patent claim language in the *inter partes* review proceeding). Without limiting or expanding the foregoing, no prosecution bar shall apply to attorneys who have not reviewed technical documents or have been screened from technical documents produced as Confidential. Defendant acknowledges thatRichard E. Oney of Venjuris, P.C. is Plaintiff’s current patent prosecution counsel. To avoid application of the

prosecution bar in this paragraph to Plaintiff's current patent prosecution counsel, Defendant acknowledges and agrees that it will produce "CONFIDENTIAL-PATENT PROSECUTION BAR" information only to Loren L. Hansen of Lathrop GPM LLP and not to Richard E. Oneyor Venjuris, P.C. or to Plaintiff directly. Plaintiff's distribution and disclosure of ionLake CONFIDENTIAL-PATENT PROSECUTION BAR information shall be limited to Loren L. Hansen, Lathrop GPM, LLP and Plaintiff's technical expert that has been provided access to such information. Any prosecution bar resulting from any review of technical documents produced as CONFIDENTIAL-PATENT PROSECUTION BAR information shall terminate one year after thefinal conclusion of this litigation (including all appeals thereto).

(e) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and

produce a copy of the document designated as confidential.

6. **Use of a Confidential Document in Court.**

(a) Filing. This protective order does not authorize the filing of any document under seal. **The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.** A confidential document may be filed only in accordance with Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit A attached hereto. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.**

(b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**7. Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8. Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this litigation (including any appeals), each party must:

(1) return or destroy all confidential documents; and

(2) notify the disclosing or producing party that it has returned or

destroyed all confidential documents within the 60-day period.

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court and all correspondence generated in connection with the litigation.

**9. Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10. Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the

confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11.** **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this litigation.

**12.** **Prior Orders. All prior consistent orders remain in full force and effect.**

**13.** **Remedies. Failure to comply with any provision of this protective order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Date: July ___, 2021

____________________________
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*CellTrust Corp. v. ionLake, LLC,*
*Derrick Girard, and Wade Girard,*
Case No. 19-cv-2855 (WMW/TNL)

# EXHIBIT A

## SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| | | | Mark "X" in Applicable Column | | | | |
|---|---|---|---|---|---|---|---|
| **Docket No.** | **Description of Document** | **Relevant Paee Numbers** | **Parties Agree Doc. Should Remain Sealed** | **Parties Agree Doc. Should Be Unsealed** | **Parties Disagree** | **Nonpa1ty that Designated Doc. Confidential (If Any)** | **Reason Why Document Should Remain Sealed 01· Be Unsealed** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential itnformation spanning more than one catego1y, a separate ently should be used for each categmy of information. For example, a memorandum contains both confidential financial records and medical records:

| | | | Mark "X" in Applicable Column | | | | |
|---|---|---|---|---|---|---|---|
| **Docket No.** | **Description of Document** | **Relevant Page umbe.-s** | **Parties A ree Doc. Should Remain Sealed** | **Parties Agree Doc. Should Be Unsealed** | **Parties Disagree** | **Nonparty that Designated Doc. Confidential** (If Any) | **Reason Why Document Should Remain Sealed 01· Be Unsealed** |
| *26* | *Unredacted memorandum of in support of XYZ, Inc.'s motion/or summa,yjudf!:ment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| *26* | *Unredacted memorandum of in support of XYZ, Inc. 's motion/or summary ;ud}Vnent* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |