UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CellTrust Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ionLake, LLC, a Minnesota limited liability company; Derrick Girard, an individual; and Wade Girard, an individual,<br><br>Defendant. | File No. 19-cv-2855 (WMW/TNL)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND PROTECTIVE ORDER** |

Plaintiff CellTrust Corporation ("Plaintiff") requests that the Court enter an order *approving only* the parties' stipulated amendments to the Protective Order (Dkt. 46) to delete paragraphs 3(c)(1), 3(c)(2) and 3(c)(3) but *denying* the proposed amendment to paragraph 3(a) by Defendants ionLake, LLC, Derrick Girard, and Wade Girard ("Defendants").

The parties have stipulated to the proposed amendments to the Protective Order to delete paragraphs 3(c)(1), 3(c)(2) and 3(c)(3) for a good reason. The proposed amendments to paragraphs 3(c)(1), 3(c)(2) and 3(c)(3) will resolve an interpretation issue raised during the deposition of Stacey Witty, an ionLake employee, and to allow the parties to promptly exchange "Attorney Eyes Only" information that includes certain

financial information that the Protective Order would have otherwise prohibited. In contrast, the Defendants' proposed amendment to paragraph 3(a) has no such equivalent identifiable purpose but was more recently proposed by Defendants and with insufficient time for Plaintiff and Court to consider any effect(s) of the proposed amendment to this case and the companion case.

Plaintiff and Defendants have two actions pending before this Court. This first action, Case No. 19-cv-2855 was filed Nov. 7, 2019, and the second companion action, Case No. 21-cv-01354, was filed June 8, 2021. The Defendants filed a third action, Case No. 21-cv-1069, which the Court had declined to consolidate with the present action and was dismissed by the Defendants. (Dkt. 83) The parties have completed the fact discovery that each deemed necessary for the first action, and presumptively, will do the same for the second action. The second action has a scheduling conference set for September 16, 2021, before which the parties may discuss and consider what discovered materials from this case should be permitted for use in the second case. Certainly, there may be instances where certain discovered materials from the first action may be appropriate for use in the second action, but whether and when that is so should be decided on a case-by-case basis and either by stipulation of the parties or by motion before the Court if the parties cannot agree.

Accordingly, Plaintiff requests that the Court enter an order approving only the parties' stipulated amendments to the Protective Order (Dkt. 46) to delete paragraphs 3(c)(1), 3(c)(2) and 3(c)(3) but *denying* the Defendants' proposed amendment to

paragraph 3(a) because it unnecessarily and prematurely impacts the scope of discovery in the second case between the parties.

**VENJURIS, P.C.**

Date: August 5, 2021

_s/Richard E. Oney_________________
Richard E. Oney (AZ Bar No. 009235)
Admitted pro hac vice
1938 E. Osborn Road
Phoenix, Arizona 85016
(602) 631-9100 Telephone
(602) 631-4529 Facsimile
ROney@venjuris.com

**LATHROP GPM LLP**

____________________________________
Loren L. Hansen (MN #387812)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 632-3000 Telephone
(612) 632-4444 Facsimile
loren.hansen@lathropgpm.com

**ATTORNEYS FOR PLAINTIFF CELLTRUST CORPORATION**