UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CellTrust Corporation, | Case No. 19-cv-2855 (WMW/DJF) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS IN LIMINE |
| ionLake, LLC; Derrick Girard and Wade Girard, | |
| Defendants. | |

This matter is before the Court on the motions in limine filed by Plaintiff CellTrust Corporation ("CellTrust") and Defendants ionLake, LLC; Derrick Girard and Wade Girard (collectively, "Defendants," and ionLake, LLC, is also referred to herein individually as "ionLake"). (Dkts. 255, 272, 275, 280, 283, 286.) For the reasons addressed below, the parties' motions are granted in part and denied in part.

## BACKGROUND

CellTrust brings this case pursuant to 35 U.S.C. § 271 *et seq.*, alleging that Defendants infringed multiple claims in two of CellTrust's patents. Defendants deny that their competing product infringes and counterclaim that CellTrust's patents are invalid. The parties now move for an order excluding certain evidence at trial.

ANALYSIS

I.      Plaintiff's Motions in Limine

CellTrust moves for orders (1) prohibiting Richard Oney from being called as a witness, and (2) barring the use of dismissed invalidity theories, as well as evidence related to irrelevant issues that were not produced during discovery.  (Dkt. 255.) The Court addresses each motion in turn.

   A.   Calling Richard E. Oney as a Witness

CellTrust moves the Court for an order precluding Defendants from calling Richard E. Oney as a witness to testify at trial.  CellTrust argues that Oney is beyond the reach of this Court's subpoena and cannot be compelled to testify at trial. And even if the Court could subpoena Oney, CellTrust argues, caselaw prohibits Defendants from calling CellTrust's counsel as a witness at trial.  Defendants respond that Oney's participation in the case brings him within the Court's jurisdiction.  And they suggest that, if Oney does not appear at trial, the jury should be permitted to draw an adverse inference from his failure to appear.  Finally, Defendants contend that CellTrust waived its argument for protecting Oney from testifying when CellTrust made Oney available for a deposition in this case.

The Court's ruling on this motion in limine is limited to denying CellTrust's request to strike Oney from Defendants' witness list.  Because the other issues raised by the parties are not ripe, anything more would be an advisory opinion.  *See United States v. Dahlin*, 734 F.2d 393, 396 (8th Cir. 1984) ("Forbearance [from ruling on speculative motions in limine] can prevent gratuitous advisory opinions and can promote judicial economy and

2

accurate decisions."). CellTrust asks this Court to quash a subpoena compelling Oney to testify. But no subpoena has been issued, and there is nothing the Court can quash. CellTrust also seeks an order finding Oney beyond the Court's jurisdiction. But because no one has called him to testify, such a ruling would be merely advisory. For the same reason, the Court denies CellTrust's request for an order determining that calling Oney to testify would be improper because of his role as CellTrust's counsel. Defendants also seek permission for the jury to draw an adverse inference from CellTrust's failure to make Oney available to testify. But granting this request also would be premature because, again, Oney has not been called to testify.

Although CellTrust clearly opposes Oney testifying at trial, CellTrust offers no authority that supports its request to strike Oney from the witness list. The Court, therefore, denies CellTrust's motion. The Court dismisses without prejudice the remaining requests for relief in this motion because they are not properly before the Court at this time.

### B. Dismissed Defense Theories and Irrelevant Exhibits

CellTrust moves the Court for an order precluding Defendants from arguing theories of patent invalidity that have been dismissed by the Court during this litigation. CellTrust also requests an order excluding certain exhibits as irrelevant.

Evidence related to the patent's priority date is relevant to the obviousness defense, Defendants contend, and they should be permitted to use the exhibits for that purpose at trial. Defendants also argue that the documents CellTrust asserts are improperly disclosed either were properly disclosed at earlier stages in the proceedings or are necessary to

3

challenge the credibility of CellTrust's witnesses and to dispute CellTrust's claim of damages.

The parties are bound by the Court's order on the parties' cross motions for summary judgment. As such, the parties are foreclosed from advancing theories and claims that have been dismissed as part of this litigation. Defendants, however, are not prohibited from introducing evidence or advancing arguments that specifically relate to Defendants' theory of invalidity based on obviousness as to the prior art. Whether a patent is invalid due to obviousness requires three factual inquiries: a determination of the scope and content of the prior art; an assessment of the manner in which the prior art and the patent-in-suit differ; and an examination of the level of ordinary skill in the relevant art. *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966). An assessment of obviousness requires "an expansive and flexible approach" that is necessarily case-specific and fact-dependent. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415-16 (2007). Because Defendants' obviousness defense requires a determination as to the true priority date of the patents, Defendants may introduce evidence and advance arguments during trial only to the extent such evidence and arguments are relevant to the issue of obviousness. Any other use or inference would violate the Court's orders in this case.

As to the allegedly irrelevant or untimely-disclosed exhibits,[1] CellTrust is correct. A document that is not disclosed during discovery is properly excluded unless the failure to produce the documents is substantially justified or is harmless to the opposing parties.

---

[1] CellTrust identifies these as Defendants' exhibits 62-73, 92-94, 96, 115, 116, 118-120, 124-129, 170-174 and 231-237.

*See* Fed. R. Civ. P. 37(c)(1). "The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to the judge's control over the case." *Boardman v. Nat'l Med. Enters.*, 106 F.3d 840, 843 (8th Cir. 1997). Several considerations guide the Court's determination of whether to exclude undisclosed evidence, including the justification for the nondisclosure, the possibility of surprise or prejudice to the other party, the need for efficiency in proceedings, and the importance of the evidence. *See Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003).

Here, the admission of the previously undisclosed exhibits, except as noted below, is harmless to CellTrust. As addressed in Defendants' opposition to the motion in limine, most of the exhibits that CellTrust seeks to exclude were readily available to CellTrust because the documents were presented in earlier proceedings in this action or because they are publicly available. The proposed exhibits that are not in the record are limited to proposed exhibits 92, 93, 94, 96, 115, 116, 118, 119, 120, 124, 125, 126, 127, 128, 129 and 233. Defendants assert that these proposed exhibits are relevant to the issues of CellTrust's lost profits and the credibility of CellTrust's witnesses. Defendants' proposed exhibits 92, 93, 116, 118, 119, 120, 125, 126, 127 and 128 are not relevant to this case. These proposed exhibits pertain to CellTrust's finances in general—not its potential lost profits—or to other business dealings involving CellTrust or people associated with CellTrust. Defendants' proposed exhibits 94, 96, 115, 124, 129 and 233 appear to be relevant to the issues of obviousness and damages. The Court grants CellTrust's motion to exclude as to Defendants' proposed exhibits 92, 93, 116, 118, 119, 120, 125, 126, 127 and 128. CellTrust's motion to exclude is denied without prejudice as to Defendants' proposed

5

exhibits 62-73, 94, 96, 115, 124, 129, 170-174 and 231-237. Any objections relating to foundation or relevance at the time of admission at trial will be considered at that time.

## II. Defendants' Motions in Limine

Defendants move for orders (1) excluding evidence related to undisclosed infringement theories at trial, (Dkt. 272); (2) directing CellTrust to provide unredacted copies of trial exhibits, or to prevent them from offering redacted exhibits, (Dkt. 275); (3) excluding evidence pertaining to Defendants' prior lawsuits, (Dkt. 280); (4) precluding evidence related to lay opinions and undisclosed expert testimony on non-infringing alternatives, (Dkt. 283); and (5) precluding speculative evidence and testimony about Defendants' state of mind, (Dkt. 286). The Court addresses each motion in turn.

### A. Undisclosed Infringement Theories

Defendants seek an order from the Court prohibiting CellTrust from arguing theories of infringement that Defendants contend were not included in CellTrust's complaint. CellTrust's use of the phrase "directly or indirectly infringed," Defendants contend, is insufficient to plead a theory of indirect infringement of CellTrust's patents. Defendants argue that CellTrust was required to plead that Defendants violated the statute that prohibits indirect patent infringement. Defendants also challenge the admissibility of CellTrust's expert testimony, arguing that the testimony would not establish indirect infringement.

CellTrust advances two arguments in opposition. First, CellTrust contends that the Court should construe Defendants' motion as an untimely motion to dismiss. Second,

CellTrust argues that, even if the motion is a proper evidentiary motion, CellTrust adequately pled indirect infringement.

The Court denies Defendants' motion because it is an improper motion to dismiss. The complaint and infringement contentions contemplate an indirect infringement theory that put Defendants on notice for discovery and dispositive-motion practice. Infringement contentions play an important role in ensuring the smooth progression of patent cases, including enabling the parties to conduct diligent discovery and file appropriate motions for summary judgment. *See Holmberg v. Stealth Cam, LLC*, No. 11-CV-248 DWF/LIB, 2014 WL 1584484, at *4 (D. Minn. Apr. 18, 2014) (recognizing the importance of infringement contentions and their role in requiring a plaintiff to "crystalize [the] theory of the case and patent claims.")  The Court declines Defendants' invitation to consider whether the pleadings in the case would be sufficient to survive a motion to dismiss or a motion for summary judgment because this argument is not properly decided on a motion in limine.  Instead, Defendants should have brought this as a dispositive motion, but Defendants did not do so.  The motion is procedurally improper, and the Court denies the motion. *See CardioVention, Inc. v. Medtronic, Inc.*, 483 F.Supp.2d 830, 842 (D. Minn., 2007) (citation omitted).

### B. Redacted Trial Exhibits

Defendants move the Court for an order prohibiting CellTrust from offering redacted versions of certain trial exhibits into evidence, citing Federal Rule of Evidence 106, which requires the consideration of other parts of an admitted writing or recorded

7

statement that should be considered together. CellTrust opposes the motion, arguing that this is a forfeited discovery dispute that Defendants failed to litigate.

By operation, this motion serves as a motion to compel. As a motion to compel, this motion would be untimely. The Court's scheduling order required the parties to file all non-dispositive motions and supporting documents, including those that relate to discovery, on or before September 27, 2021. The proper way to challenge CellTrust's unilateral redaction of documents produced during discovery was to file a motion to compel under Federal Rule of Civil Procedure 37. See *Webb v. City of Waterloo*, No. 17-CV-2001-CJW-MAR, 2020 WL 1159755 at *5 (N.D. Iowa 2020). Defendants had the opportunity to object to the redactions and to file motions to compel, if needed, during the discovery phase of this action. Defendants neither objected to the redactions nor filed any motions during the appropriate period.

Assuming without deciding that this motion is a proper Rule 106 motion, Defendants are not entitled to their requested relief. Federal Rule of Evidence 106 provides, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at that time." Fed. R. Evid. 106. "[T]he party urging admission of an excluded conversation must 'specify the portion of the testimony that is relevant to the issues at trial and that qualifies or explains portions already admitted.'" *United States v. Webber*, 255 F.3d 523, 526 (8th Cir. 2001) (quoting *United States v. Sweiss*, 814 F.2d 1208, 1212 (7th Cir. 1987)). Here, Defendants do not

satisfactorily demonstrate why the redacted portions of the proposed exhibits are misleading or what additional portion would resolve the alleged tendency to mislead.

For the reasons addressed above, the Court denies Defendants' motion in limine. To promote the efficiency of this trial, the Court orders CellTrust to prepare unredacted versions of the proposed exhibits identified in footnote 1 of Defendants' memorandum on this motion, (Dkt. 277 at 11, n.1), and to retain the documents so CellTrust, if ordered by the Court to do so, can tender to the Court without delay the unredacted versions for *in camera* review or to the Court and Defendants.

    **C.**    **Defendants' Prior Lawsuits**

Defendants seek an order excluding evidence and argument pertaining to Defendants' prior lawsuits. These prior lawsuits involve two disputes. One dispute arises from the terms of a potential investor's investment and a payment to ionLake and the other arises from a business dispute between Derrick Girard and Wade Girard.

The exhibits that are the subject of this motion pertain to the two lawsuits. One of the lawsuits involves a loan of $500,000 made by David Gee, a Florida resident, to ionLake, which was facilitated by Derrick Girard. (Proposed Ex. P-085.) The complaint in that case alleges that in June 2019, Derrick Girard assured Gee that ionLake was financially strong, on the brink of securing agreements with two of the top three firms in the financial industry and had a promising financial outlook. Based on these assertions, Derrick Girard, representing ionLake, and Gee negotiated and signed the loan agreement. Gee subsequently disbursed $300,000 to ionLake. But, once the funds were available, Derrick Girard purchased the remaining shares from ionLake's other shareholders, attempted to

9

alter the loan terms, and failed to deliver certain agreed-upon consideration to Gee. Gee filed a lawsuit against ionLake and Derrick Girard in Minnesota state court as a result of Derrick Girard's actions, after which the parties eventually settled.

The other legal action involved a business dispute between Derrick Girard and Wade Girard regarding ownership of MyRepChat, in which Derrick Girard accused Wade Girard of making the source code of MyRepChat inaccessible to ionLake. (Proposed Ex. P-090.) Wade Girard filed counterclaims against ionLake and third-party claims against Derrick Girard. (Proposed Ex. P-094.) Derrick Girard responded by filing counterclaims against Wade Girard. (*Id*.) Derrick Girard's counterclaims referred to CellTrust and contained allegations about Defendants' knowledge of CellTrust's patents. Subsequently, ionLake obtained a temporary restraining order against Wade Girard, preventing him from interfering with ionLake's access to the MyRepChat source code. (Proposed Exs. P-089, P-102.)

Defendants seek an order excluding evidence and argument pertaining to Defendants' prior lawsuits in these matters. Defendants contend that these disputes are irrelevant to the current patent infringement and invalidity trial. Alternatively, Defendants contend that, even if marginally relevant, the evidence poses a significant risk of unfair prejudice, confusion of the issues, misleading the jury, and wasting time, which outweighs any probative value such evidence may have. Finally, Defendants contend evidence of any prior lawsuits is inadmissible under Rules 404 and 802 because such evidence is improper character evidence, and the pleadings from prior lawsuits are inadmissible hearsay.

CellTrust disagrees, arguing that the challenged exhibits are highly pertinent to the case, particularly with regard to Defendants' knowledge at the time of infringement, monetary damages, and the validity of CellTrust's patents. CellTrust also contends that the exhibits pertain directly to CellTrust and are relevant to the issue of Defendants' willfulness. Furthermore, CellTrust maintains the exhibits rebut Defendants' assertions of obviousness. Despite Defendants seeking to exclude all evidence and arguments related to their unrelated lawsuits, CellTrust contends that evidence related to other lawsuits should not be automatically deemed inadmissible.

Federal Rules of Evidence 404 and 802 prohibit the use of character evidence to show that a person acted in conformity with that character on a particular occasion. A court also may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or waste of time. *See* Fed. R. Evid. 403. Under Rule 402, all relevant evidence is admissible, except as provided by the Constitution, an Act of Congress, the Federal Rules of Evidence, or other rules established by the Supreme Court under statutory authority. Evidence must be both relevant and admissible under the Federal Rules of Evidence to be admitted at trial. *Corley v. United States*, 556 U.S. 303, 305 (2009).

Defendants seek to exclude evidence and argument pertaining to their prior lawsuits, arguing that such evidence is irrelevant, poses a danger of unfair prejudice, and would waste time. Defendants assert that the first legal dispute with potential investor Gee regarding funds sent to ionLake is irrelevant to the issues presented in the present case. Additionally, Defendants contend that the second legal dispute between ionLake, Derrick

11

Girard, and Wade Girard regarding the ownership and management of the company, as well as the rights to the MyRepChat software, also is irrelevant, as this trial pertains solely to issues of patent infringement and invalidity. CellTrust disagrees, arguing that evidence of Defendants' prior lawsuits is relevant to the present case as it sheds light on Defendants' background and history, as well as the reasons Defendants chose to create MyRepChat. (Proposed Exs. P-036, P-037, P-051, P-057, P-074, P-088, P-099.) Defendants respond that, even if marginally relevant, the dangers of unfair prejudice and confusion of the issues outweigh the probative value of such evidence.

Federal Rule of Evidence 403 governs this issue. The Court must determine whether the probative value of the evidence is outweighed by the danger of unfair prejudice, confusion of the issues, or waste of time. Fed. R. Evid. 403. The evidence of the unrelated, prior legal disputes is marginally relevant to this case. Its probative value, however, is outweighed by the risks of confusion and excessive consumption of time. Evidence of Defendants' prior lawsuits may result in a series of abbreviated contests that confuse the jury and lead the jury to consider matters that are neither probative or relevant. Such an occurrence would be an unproductive utilization of valuable time and judicial resources. Accordingly, such evidence of the parties' prior lawsuits is inadmissible under Rules 404 and 802 as it constitutes improper character evidence and hearsay.

Because the evidence of Defendants' prior lawsuits is only marginally relevant and is inadmissible character evidence and hearsay evidence barred by Rules 404 and 802, and because the probative value of the evidence is outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time, the Court grants Defendants' motion to exclude.

### D. Testimony on Non-Infringing Alternatives

Defendants seek an order to exclude evidence and argument that pertain to preventing the admission of lay opinions and undisclosed expert testimony regarding non-infringing alternatives. Defendants contend that CellTrust must prove the absence of acceptable non-infringing products or services to establish lost profits, which requires expert testimony. But because CellTrust failed to provide any expert testimony to prove the absence of non-infringing alternatives and did not designate any non-retained witnesses to give expert opinions, Defendants maintain that CellTrust should be precluded from presenting testimony by lay witnesses about non-infringing alternatives at trial. Lay witness testimony is insufficient to provide the technical analysis required for this topic, Defendants argue, and CellTrust did not disclose any non-retained expert witnesses. Defendants also argue that CellTrust's use of a declaration from a lay witness to support its case is invalid.

In response, CellTrust argues that Defendants moved to exclude expert Bryce Cook's methodology for calculating lost profits, which the Court has previously ruled was not the only method for establishing entitlement to lost-profit damages. CellTrust contends that Defendants' motion to exclude all evidence regarding the absence of non-infringing alternatives is overbroad. The burden is on Defendants to identify acceptable non-infringing alternative products. After that requirement is met, the burden shifts to CellTrust to show that the products are either not acceptable or infringing. Citing the ruling in *Dynaenergetics Europe GmbH v. Hunting Titan, Inc.*, 2022 WL 4350264, at *19 (S.D. Tex. Sept. 19, 2022), CellTrust argues that the relevant market typically includes substitutes

13

similar in physical and functional characteristics to the patented invention and does not include alternatives with significantly different prices or characteristics. CellTrust also maintains that Defendants' motion is overbroad and that it is Defendants' burden to identify acceptable non-infringing alternative products.

A lay witness may testify in the form of an opinion if the opinion is based on the witness's perception, helpful to understanding the witness's testimony, and not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701. Expert testimony is required, however, to establish the absence of acceptable non-infringing alternatives. *Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 517 (Fed. Cir. 1995). And the plaintiff bears the burden to prove the absence of such alternatives.

Defendants argue that CellTrust failed to provide any expert testimony to prove the absence of non-infringing alternatives and CellTrust did not designate any non-retained witnesses to give expert opinions. And lay witness testimony is insufficient to provide the technical analysis required for this topic, Defendants contend. CellTrust's response is two-fold. First, CellTrust argues Defendants' motion is overbroad, as the burden is on Defendants to identify acceptable non-infringing alternative products. Second, if Defendants make that showing, the burden shifts to CellTrust to show that the products are either not acceptable or infringing. For this analysis, the relevant market typically includes substitutes similar in physical and functional characteristics to the patented invention and does not include alternatives with significantly different prices or characteristics. *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1141 (Fed. Cir. 2003).

The Court previously ruled in its summary judgment order that Defendants' motion to exclude all evidence regarding the absence of non-infringing alternatives was too broad. The burden is on Defendants to identify acceptable non-infringing alternative products, and once Defendants do so, the burden shifts to CellTrust to show that the products are either not acceptable or infringing. (Dkt. 242 at 74-75.) Moreover, the Court noted that CellTrust may recover lost profits if CellTrust proves that no other suppliers existed in the relevant market. (Dkt. 242 at 73-75.) Kevin Moshir's declaration offers an overview of CellTrust's SL2 platform, FINRA regulations related to the platform, and the practicalities of communicating in the financial industry. (Dkt. 209 at 3-8.) In contrast, Defendants contend that CellTrust failed to provide any expert testimony to prove the absence of non-infringing alternatives, and Defendants dispute CellTrust's use of a lay witness declaration to support its case. Although this may weaken CellTrust's argument, it does not necessarily strengthen the argument that the Court should preclude testimony about non-infringing alternatives at trial.

In light of Defendants' burden to identify acceptable non-infringing alternative products, CellTrust's need for expert testimony to establish the absence of such alternatives, and the helpfulness of lay witness testimony, the Court denies Defendants' motion to exclude lay opinions and undisclosed expert testimony on non-infringing alternatives.

### E.  Defendants' State of Mind

Defendants seek an order excluding any evidence or argument related to the preclusion of speculative evidence and testimony about Defendants' state of mind. In support of this motion, Defendants argue that CellTrust's technical expert or fact witnesses

15

cannot speculate on Defendants' intent or mental state beyond the Federal Rules of Evidence.

CellTrust's technical expert, Martin Colburn, is a highly experienced senior executive with more than 35 years of experience in building and leading global IT organizations. He has functional expertise in financial services, cloud, data, cyber security, risk management, identity and access, and compliance initiatives. Colburn has served as CTO/CIO for the National Democratic Institute ("NDI") and NASD/FINRA, leading technology strategy development and implementation for both organizations, and has successfully led corporate integrations, mergers and acquisitions, outsourcing initiatives, data center build-outs, and advanced technology implementations. (Proposed Ex. 4.)

Defendants argue that expert testimony on intent, motive, or state of mind is not admissible, as such testimony has no basis in any relevant body of knowledge or expertise. Hence, Defendants contend that CellTrust should not offer expert testimony on "Derrick Girard's knowledge of the CellTrust product and patent claims" because an individual's mental state is not a proper subject of expert testimony. Defendants also argue that technical experts cannot testify about motives, intent, or state of mind, as such determinations are reserved for the jury.

CellTrust opposes Defendants' request to exclude all testimony about the state of mind of Defendant Derrick Girard, arguing that such a sweeping remedy is inappropriate, especially since the non-moving party has not even stated whether it plans to offer the testimony at issue. Instead, CellTrust advocates for addressing potentially objectionable testimony at trial as the issue arises. CellTrust contends that Colburn's opinion is proper

as it is based on his specialized knowledge of the financial records compliance industry and may assist the jury to understand the case, because Defendants' knowledge of CellTrust's patents is an element of proving willful infringement and induced infringement.

The Court may exclude evidence that is irrelevant, unreliable, or prejudicial. *See* Fed. R. Evid. 403; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591-92 (1993). However, evidence that is relevant and helpful to the trier of fact should be admitted. *See Daubert*, 509 U.S. at 591-92. In evaluating the admissibility of expert testimony, the Court must consider whether the expert is qualified to testify, the testimony is based on sufficient facts and data, the testimony is the product of reliable principles and methods, and the expert has reliably applied those principles and methods to the facts of the case. *See* Fed. R. Evid. 401, 403.

Defendants seek to exclude testimony regarding their state of mind, arguing that it is speculative and irrelevant. However, CellTrust contends that such testimony is relevant and admissible in a case involving willful infringement and induced infringement, citing to *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105-06 (2016); *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Furthermore, CellTrust argues that the testimony of their expert witness, Colburn, is proper and relevant to the case, as it is based on his specialized knowledge of the financial records compliance industry and the circumstances surrounding the alleged infringement.

In evaluating the admissibility of Colburn's testimony, the Court must consider whether it meets the criteria for expert testimony. *See Daubert*, 509 U.S. at 592-593. CellTrust has demonstrated that Colburn is qualified to testify as an expert and that his

17

testimony is based on sufficient facts and data. Defendants have not presented any evidence to contradict these claims.

As to the relevance of the testimony, the Court must consider whether it is helpful to the trier of fact. *Daubert*, 509 U.S. at 592-593. In a case involving willful infringement and inducement of infringement, evidence of Defendants' state of mind is relevant to the issue of intent. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) ("[e]vidence of a defendant's state of mind may be considered in determining whether there is willful infringement or inducement of infringement. Such evidence may include, among other things, evidence that a defendant had knowledge of the asserted patent, evidence of the defendant's attempts to design around the patent, and evidence of the defendant's copying of the patent.") Such evidence can help the jury determine whether Defendants acted with knowledge of CellTrust's patents and the intent to infringe them. *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1926-27 (2015).

Finally, the Court must consider whether the testimony is reliable. *Daubert*, 509 U.S. at 592-593. CellTrust has presented evidence that Colburn's opinions are based on reliable principles and methods and that he has reliably applied those principles and methods to the facts of the case.

Based on the analysis above, the Court denies Defendants' motion to exclude testimony regarding their state of mind, as Colburn's testimony meets the criteria for expert testimony, is relevant and helpful to the trier of fact, and is based on reliable principles.

# ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to prohibit Richard Oney from being called as a witness, (Dkt. 255), is **DENIED IN PART AND DISMISSED WITHOUT PREJUDICE IN PART**, as follows:

    a. Plaintiff's motion is **DENIED** as to striking Richard E. Oney from Defendants' witness list.

    b. Plaintiff's motion is **DISMISSED WITHOUT PREJUDICE** as to all other issues.

2. Plaintiff's motion to bar the use of dismissed invalidity theories, as well as evidence related to irrelevant issues that were not produced during discovery, (Dkt. 255), is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. Plaintiff's motion is **GRANTED** as to the use of evidence and theories that have been dismissed by previous order of the Court; and

    b. Plaintiff's motion is **DENIED** as to the use of evidence to the extent it is relevant to Defendants' invalidity theory of obviousness.

    c. Plaintiff's motion is **DENIED WITHOUT PREJUDICE** as to the exclusion of the proposed exhibits identified as Defendants' exhibits 62-73, 94, 96, 115, 124, 129, 170-174 and 231-237.

    d. Plaintiff's motion is **GRANTED** as to the exclusion of the proposed exhibits identified as Defendants' exhibits 92, 93, 116, 118, 119, 120, 125, 126, 127 and 128.

3. Defendants' motion to exclude evidence related to undisclosed infringement theories at trial, (Dkt. 272), is **DENIED**.

4. Defendants' motion to direct CellTrust to provide unredacted copies of trial exhibits, or to prevent them from offering redacted exhibits, (Dkt. 275), is **DENIED**; and Plaintiff shall prepare unredacted versions of the full documents described as Plaintiff's exhibits 57, 58, 118-125, 128, 129, 131, 152-156, 163, 167, 174, 179-182, 185, 186, 188 and 237, and Defendants' exhibits 95, 97-114, 117, 121, 130, 152-154 and 175 and shall retain the documents to be able to tender the unredacted versions immediately upon further Court order.

5. Defendants' motion to exclude evidence pertaining to Defendants' prior lawsuits, (Dkt. 280), is **GRANTED.**

6. Defendants' motion to preclude evidence related to lay opinions and undisclosed expert testimony on non-infringing alternatives, (Dkt. 283), is **DENIED**.

7. Defendants' motion to preclude speculative evidence and testimony about Defendants' state of mind, (Dkt. 286), is **DENIED.**

Dated: April 23, 2023                                    s/Wilhelmina M. Wright
                                                                                   Wilhelmina M. Wright
                                                                                   United States District Judge